42088

| Official Form 1 (12/02)  Form B1 | United States Bankruptcy Court  **VOLUNTARY PETITION** | Northern District of ILLINOIS |
|---|---|---|

*Chapter 13w/plan*

| Name of Debtor (if individual, enter Last, First, Middle): | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| CORREA, BERNADETTE M. | |
| All Other Names used by the Debtor in the last 6 years (include married, maiden, and trade names):  NONE | All Other Names used by the Joint Debtor in the last 6 years (include married, maiden, and trade names): |
| Soc. Sec./Tax I.D. No. (if more than one, state all):  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 | Soc. Sec I.D. No. (If more than one, state all): |
| Street Address of Debtor (No. & Street, City, State & Zip Code):  413 DORAL TERRACE  UNIVERSITY PARK, ILLINOIS 60466 | Street Address of Joint Debtor (No. & Street, City, State & Zip Code): |
| County of Residence or of the Principal Place of Business:   WILL | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address): | Mailing Address of Joint Debtor (if different from street address): |

**NO DISKETTE**

| Location of Principal Assets of Business Debtor (if different from street address above): |
|---|

### Information Regarding the Debtor (Check the Applicable Boxes)

Venue (Check any applicable box)

✓ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ This petition is being filed by a corporation or partnership under chapter 11 and the debtor acknowledges that a Venue Disclosure Form is required to be filed by General Order 97-02.

| Type of Debtor (Check all boxes that apply) | | Chapter or Section of Bankruptcy Code Under Which the Petition is Filed (Check one box) | |
|---|---|---|---|
| ✓ Individual (s) | Railroad | Chapter 7    Chapter 11    ✓ Chapter 13 | |
| Corporation | Stockbroker | Chapter 9    Chapter 12 | |
| Partnership | Commodity Broker | Sec. 304 - Case ancillary to foreign proceeding | |
| Other | Clearing Bank | | |

| Nature of Debts (Check one box) | Filing Fee (Check one box) |
|---|---|
| ✓ **Consumer/Non-Business**    Business | ☐ Full Filing Fee attached |
| **Chapter 11 Small Business (Check all boxes that apply)**  Debtor is a small business as defined in 11 U.S.C. § 101  Debtor is and elects to be considered a small business under 11 U.S.C. § 1121(e) (Optional) | ✓ Filing Fee to be paid in installments (Applicable to individuals only) Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b).  See Official Form No. 3.  708-672-3846 |

| Statistical / Administrative Information (Estimates only ) | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ✓ Debtor estimates that funds will be available for distribution to unsecured creditors.  Debtor estimates that, after any exempt property is excluded and administrative there will be no funds available for distribution to unsecured creditors. | |

| Estimated Number of Creditors | 1-15 | 16-49 | 50-99 | 100-199 | 200-299 |
|---|---|---|---|---|---|
| | ✓ | | | | |

| Estimated Assets | | | | | |
|---|---|---|---|---|---|
| $50 - $50,000 | $50,001- $100,000 | $100,001- $500,000 | $500,001- $1 million | $1,000,001- $10 million | $10,000,001- $50 million | $50,000,001 $100 million |

| Estimated Debts | | | | | |
|---|---|---|---|---|---|
| $0 - $50,000 | $50,001- $100,000 | $100,001- $500,000 | $500,001- $1 million | $1,000,001- $10 million | $10,000,001- $50 million | $50,000,001 $100 million |
| ✓ | | | | | | |

U.S. Bankruptcy Court
Northern District Of Illinois
Filed: 10/15/2004
Time: 14:17:46
Debtor: BERNADETTE M CORREA
Case: 04-38460    Fee : 30
Chapter: 13 Rec. # : 3106462
Judge: Bruce Black
341 mtg: 11/17/2004 @ 01:00PM
ConfHrg: 12/03/2004 @ 11:00AM
Trustee: GLENN STEARNS

1:04BK38460-BK001

Form B1, pg 2 (12/02)

| Voluntary Petition<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>BERNADETTE M. CORREA |
|---|---|

| Prior Bankruptcy Case Filed Within Last 6 Years   (If more than one, attach additional sheet) | | |
|---|---|---|
| Location<br>Where Filed:  NONE | Case Number:  N/A | Date Filed:  N/A |

| Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor:  NONE | Case Number:  N/A | Date Filed:  N/A |
| District:  N/A | Relationship:  N/A | Judge:  N/A |

## Signatures

### Signature(s) of Debtor(s) Individual/Joint

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petition is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _Bernadette Correa_
Signature of Debtor

X _____
Signature of Joint Debtor

708 - 672 - 3846
Telephone Number (If not represented by attorney)

10 - 15 - 04
Date

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

### Signature of Attorney

X _____
Signature of Attorney for Debtor(s)

_____
Printed Name of Attorney for Debtor(s)

_____
Firm Name

_____
Address

_____

_____
Telephone Number

_____
Date

### Signature of Non-Attorney Petition Preparer

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

_____
Printed Name of Bankruptcy Petition Preparer

_____
Social Security Number

_____
Address

_____

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

X _____
Signature of Bankruptcy Petition Preparer

_____
Date

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. § 110; 18 U.S.C. § 156.

### Exhibit A

(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11)

☐ Exhibit A is attached and made a part of this petition.

### Exhibit B
(To be completed if debtor is an individual whose debts are primarily consumer debts)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11 of the United States Code, and have explained the relief available under each such chapter.

X _____        _____
Signature of Attorney for Debtor(s)        Date

WWW.LawCA.com
Law Publishers

Form 6

1998 USBC

# United States Bankruptcy Court

| In re | (SHORT TITLE) | | Case Number: | |
|---|---|---|---|---|
| BERNADETTE M. CORREA | | Debtor. | | (If Known) |

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts from Schedules D, E, and F to determine the total amount of the debtor's liabilities.

| | NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|---|
| A- | Real Property | Yes | 1 | $ 83,000.00 | | |
| B- | Personal Property | Yes | | $ 8,300.00 | | |
| C- | Property Claimed as Exempt | Yes | 1 | | | |
| D- | Creditors Holding Secured Claims | Yes | 1 | | $ 34,131.15 | |
| E- | Creditors Holding Unsecured Priority Claims | Yes | 1 | | $ 0.00 | |
| F- | Creditors Holding Unsecured Nonpriority | Yes | 2 | | $ 21,066.95 | |
| G- | Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H- | Codebtors | Yes | 1 | | | |
| I- | Current Income of Individual Debtor(s) | Yes | 1 | | | $ 2,825.43 |
| J- | Current Expenditures of Individual Debtor(s) | Yes | 1 | | | $ 2,745.00 |
| | Total Number of Sheets of ALL Schedules ▶ | | 14 | | | |
| | Total Assets ▶ | | | $ 91,300.00 | | |
| | Total Liabilities ▶ | | | | $ 54,198.10 | |



WWW.LawCA.com
Law Publishers

Model Plan
Rev. 07/15/2004

Trustee: ___ Marshall        ___ Meyer
                ___ Stearns          ___ Vaughn

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

In re:

) Case No. 04 B 38460

BERNADETTE M CORREA ,

) ☑ **Original Chapter 13 Plan**
)
Debtors.

)☐ **Modified Chapter 13 Plan, dated** _____

☐ **A check in this box indicates that the plan contains special provisions, set out in Section G. Otherwise, the plan includes no provisions deviating from the model plan adopted by the court at the time of the filing of this case.**

**A. Budget items**

1. As stated in the debtor's Schedule I and J , (a) the number of persons in the debtor's household is _1_ (b) their ages are _59_ ; (c) total household monthly income is $ _2825.44_ ; and (d) total monthly household expenses are $ _2745.00_ leaving monthly disposable income of $ _80.44_ .

2. The debtor's Schedule J includes $ _0_ for charitable contributions; the debtor represents that the debtor made substantially similar contributions for _0_ months prior to filing this case.

**B. General provisions**

1. The debtor assumes all unexpired leases and executory contracts identified in the debtor's Schedule G.

2. The rights of holders of claims secured by a mortgage on real property of the debtor, proposed to be cured in Paragraph 4 of Section E of this plan, including the right to reimbursement for costs of collection and other payment obligations of the debtor accruing after the filing of this bankruptcy case, shall be modified only to the following extent:

(a) *Prepetition defaults.* If the debtor pays the cure amount specified in Paragraph 4 of Section E, while timely making all required postpetition payments, the mortgage will be reinstated according to its original terms, extinguishing any right of the holder to recover any amount alleged to have arisen prior to the filing of the petition.

(b) *Postpetition defaults.* Within 30 days of issuing the final payment of the cure amount specified in Paragraph 4 of Section E, the standing trustee shall serve upon the holder, the debtor, and any attorney for the debtor a notice stating (1) that the cure amount has been paid, satisfying all prepetition mortgage obligations of the debtor, (2) that the holder is required to treat the mortgage as reinstated and fully current unless the debtor has failed to make timely payments of postpetition obligations, (3) that if the debtor has failed to make timely payments of any postpetition obligations, the holder is required to itemize all outstanding payment obligations as of the date of the notice, and file a statement of these obligations with the court, giving notice to the standing trustee, the debtor, and any attorney for the debtor, within 60 days of service of the notice from the trustee (or such longer time as the court may order), (4) that if the holder fails to file and serve a statement of outstanding obligations within the required time, the holder is required to treat the mortgage as reinstated according to its original terms, fully current as of the date of the trustee's notice,  and (5) that if the holder does serve a statement of outstanding obligations within the required time, the debtor may (i) within 30 days of service of the statement, challenge the accuracy of the statement by motion filed with the court, on notice to the holder and the standing trustee, with  the court resolving the challenge as a contested matter,  or (ii) propose a modified plan to provide for payment of additional amounts that the debtor acknowledges or the court determines to be due.  To the extent that amounts set forth on a timely filed statement of outstanding obligations are not determined by the court to be invalid or are not paid by the debtor through a modified plan, the right of the holder to collect these amounts will be unaffected.  No liability shall result from any nonwillful failure of the trustee to serve the notice required by this subparagraph.

(c) *Costs of collection.* Costs of collection, including attorneys' fees, incurred by the holder after the filing of this bankruptcy case and before the final payment of the cure amount specified in Paragraph 4 of Section E

may be added to that cure amount pursuant to order of the court on motion of the holder.  Otherwise, any such costs of collection shall be claimed pursuant to subparagraph (b) above.

**3.** The holder of any claim secured by property of the estate, other than a mortgage treated in Section C or in Paragraph 3 of Section E, shall retain the lien
□ until receipt of all payments provided for by this plan on account of the claim, including payments on account of any unsecured portion of the claim, /or/
□ until receipt of all payments provided for by this plan on account of the portion of the claim that is a secured claim under 11 U.S.C. § 506(a),
at which time the lien shall terminate and be released by the creditor.

**4.** Within 14 days of a request by the trustee, the debtor shall provide (a) copies of any tax returns filed during the pendency of this case, and (b) a copy of the debtor's current wage statement.

**5.** The debtor shall retain records, including all receipts, of all charitable donations listed in Schedule J.

| | |
|---|---|
| **C.** **Direct payment of claims by debtor** | □ The debtor will make no direct payments to creditors holding prepetition claims. /or/<br>☒ The debtor will make current monthly payments, as listed in the debtor's Schedule J—increased or decreased as necessary to reflect changes in variable interest rates, escrow requirements, collection costs, or similar matters—directly to the following creditors holding claims secured by a mortgage on the debtor's real property:<br>Creditor: _WELLS FARGO_____, monthly payment, $ _830.00_____ ;<br>Creditor: _____, monthly payment, $ _____.<br>*If this box is □ checked, additional direct mortgage payments are listed on the overflow page.* |

| | |
|---|---|
| **D.** **Payments by debtor to the trustee** | **1.** Initial plan term. The debtor will pay to the trustee $ _80.00_ monthly for _36_ months [and $_____ monthly for an additional _____ months], for total payments, during the initial plan term of $_2,880_. [Enter this amount on Line 1 of Section H.]<br><br>**2.** Adjustments to initial term. (a) If the amount paid by the debtor to the trustee during the initial plan term does not permit payment of general unsecured claims as specified in Paragraphs 8 and 9 of Section E, then the debtor shall make additional monthly payments, during the maximum plan term allowed by law, sufficient to permit the specified payments. (b) The plan will conclude, prior to the end of the initial term, at such time as all allowed claims are paid in full, with any interest required by the plan. |

| | |
|---|---|
| **E.** **Disburse-ments by the trustee** | The trustee shall disburse payments received from the debtor under this plan as follows:<br><br>**1.** Trustee's fees. Payable monthly, as authorized; estimated at _8.0_ % of plan payments; and during the initial plan term, totaling $ _231.00_. [Enter this amount on Line 2a of Section H.]<br><br>**2.** Priority claims of debtor's attorney.  Payable in amounts allowed by court order, in installments. Installment payments shall be made as follows, up to the allowed amount, unless lower installment payments are ordered by the court: an initial installment of one-half of the funds held by the trustee at the time the trustee receives the order allowing fees (not including amounts for current mortgage payments) and subsequent monthly installments of one-half of the regular monthly payment of the debtor (not including current mortgage payments).  The total claim of debtor's attorney is estimated to be $ _N/A_.[Enter this amount on Line 2b of Section H.]<br><br>**3.** Current mortgage payments. Payable according to the terms of the mortgage, as set forth below, beginning with the first payment due after the filing of the case.  Each of these payments shall be increased or decreased by the trustee as necessary to reflect changes in variable interest rates, escrow requirements, or similar matters; the trustee shall make the change in payments as soon as practicable after receipt of a notice of the change issued by the mortgage holder, but no later than 14 days after such receipt.  The trustee shall notify the |

2

debtor of any such change at least 7 days before putting the change into effect.

(a) To creditor_____ N/A _____, monthly payments of $ N/A . These payments, over the term of the plan, are estimated to total $ N/A .

(b) To creditor_____ _____, monthly payments of $_____. These payments, over the term of the plan, are estimated to total $ N/A .

If this box □ is checked, additional current mortgage payments are listed on the overflow page. The total of all current mortgage payments to be made by the trustee under the plan is estimated to be $_____. [Enter this amount on Line 2c of Section H.]

4. Mortgage arrears. Payable as set forth below, regardless of contrary proofs of claim, except that the arrears payable may be reduced either with the consent of the mortgagee or by court order, entered on motion of the debtor with notice to the trustee and the mortgagee. Any such reduction shall be effective 14 days after either the trustee's receipt of a notice of reduction consented to by the mortgagee or the entry of a court order reducing the arrearage.

(a) To creditor_____ N/A _____, arrears of $ N/A , payable monthly □pro rata with payments on secured claims /or/ □ in fixed installments of $ N/A ; and payable □ without interest /or/ □ with interest at an annual percentage rate of _____%.
    These arrearage payments, over the term of the plan, are estimated to total $ N/A .

(b) To creditor_____ _____, arrears of $_____, payable monthly □pro rata with payments on secured claims /or/ □ in fixed installments of $ _____; and payable □ without interest /or/ □ with interest at an annual percentage rate of _____%.
    These arrearage payments, over the term of the plan, are estimated to total $_____.

If this box □ is checked, additional direct arrearage payments are listed on the overflow page. The total of all mortgage arrearage payments to be made by the trustee under the plan is estimated to be $_____. [Enter this amount on Line 2d of Section H.]

5. Other secured claims. All secured claims, other than mortgage claims treated above, are to be paid in full during the plan term, with interest at an annual percentage rate specified below in the amounts stated (subject to reduction either with the consent of the creditor or by court order, implemented as for reductions of mortgage arrears), regardless of contrary proofs of claim, in monthly installments, pro rata, but with fixed monthly payments if so specified (by a check mark and payment amount):

(a) Creditor: _____ N/A _____ Collateral: _____ N/A _____
Amount of secured claim: $_____ APR _____% □ Fixed monthly payment: $ N/A ;
Total estimated payments, including interest, on the claim: $ N/A .

(b) Creditor: _____ Collateral: _____
Amount of secured claim: $_____ APR _____% □ Fixed monthly payment: $_____;
Total estimated payments, including interest, on the claim: $_____.

If this box □ is checked, additional secured claims are listed on the overflow page. [All claims in the debtor's Schedule D, other than mortgages treated above, must be listed in this paragraph.]

The total of all payments on these secured claims, including interest, is estimated to be $ N/A _____ [Enter this amount on Line 2e of Section H.]

6. Allowed priority claims other than those of the debtor's attorney. Payable in full, without interest, on a pro rata basis. The total of all payments on non-attorney priority claims to be made by the trustee under the plan is estimated to be $ _____ N/A _____ . [Enter this amount on Line 2f of Section H.]

3

7. Specially classified unsecured claim. A special class consisting of the following non-priority unsecured claim: _____N/A_____ shall be paid at _N/A___% of the allowed amount. The total of all payments to this special class is estimated to be $ _N/A____. [Enter this amount on Line 2g of Section H.]
Reason for the special class:_____.

8. General unsecured claims (GUCs). All allowed nonpriority unsecured claims, not specially classified, including unsecured deficiency claims under 11 U.S.C. § 506(a), shall be paid, pro rata, □ in full, /or / □ to the extent possible from the payments set out in Section D, but not less than __/O__% of their allowed amount. [Enter minimum payment percentage on Line 4b of Section H.]

9. Interest. Interest ☒ shall not be paid on unsecured claims /or / interest □ shall be paid on unsecured claims, including priority and specially classified claims, at an annual percentage rate of ___O___%. [Complete Line 4d of Section H to reflect interest payable.]

**F. Priority**

The trustee shall pay the amounts specified in Section E of this Plan in the following order of priority: (1) trustee's authorized percentage fee; (2) priority claims of the debtor's attorney; (3) secured claims paid in fixed monthly installments (pro rata in the event of an insufficiency); (4) secured claims not paid in fixed installments; (5) priority claims other than those of the debtor's attorney; (6) specially classified nonpriority unsecured claims; and (7) general unsecured claims.

**G. Special terms**

Notwithstanding anything to the contrary set forth above, this Plan shall include the provisions set forth in the box following the signatures. The provisions will not be effective unless there is a check in the notice box preceding Section A.

**H. Summary of payments to and from the trustee**

(1) Total payments from the debtor to the Chapter 13 trustee (subject to Paragraph 2 of Section D)   $ 2,880

(2) Estimated disbursements by the trustee for non-GUCs (general unsecured claims):
  (a) Trustee's Fees   $ 231.00
  (b) Priority payments to debtor's attorney   $ 0.00
  (c) Current mortgage payments   $ 0.00
  (d) Payments of mortgage arrears   $ 0.00
  (e) Payments of other allowed secured claims   $ 0.00
  (f) Payments of non-attorney priority claims   $ 0.00
  (g) Payments of specially classified unsecured claims   $ 0.00
  (h) Total [add Lines 2a through 2g]   $ 231.00

(3) Estimated payments available for GUCs and interest during initial plan term [subtract Line 2h from Line 1]   $ 2,649.00

(4) Estimated payments required after initial plan term:
  (a) Estimated total GUCs, including unsecured deficiency claims under § 506(a)   $_____
  (b) Minimum GUC payment percentage   _____%
  (c) Estimated minimum GUC payment [multiply line 4a by line 4b]   $_____
  (d) Estimated interest payments on unsecured claims   $_____
  (e) Total of GUC and interest payments [add Lines 4c and 4d]   $_____
  (f) Payments available during initial term [enter Line 3]   $_____
  (g) Additional payments required [subtract Line 4f from line 4e]   $_____

4

(5)  Additional payments available:

    (a)  Debtor's monthly payment less trustee's fees and
       current mortgage payments made by the trustee       $_____

    (b)  Months in maximum plan term after initial term       _____

    (c)  Payments available *[multiply line 5a by line 5b]*             $_____

**Sig-
natures:**

**Debtor** _Bernadette Correa_      **Date** _10-15-04_

**Debtor** _____      **Date** _____

**Debtor's Attorney** _____      **Date** _____

**Attorney
Information (name,
address, telephone,
etc.)**

BERNADETTE M. CORREA
413 DORAL TERRACE
UNIVERSITY PARK, ILLINOIS
60466

**Special Terms** *[as provided in Paragraph G]*

Form 6A                                                                                    1998 USBC

| In re | (SHORT TITLE) | | Case Number: | |
|---|---|---|---|---|
| | BERNADETTE M. CORREA | Debtor. | | (If Known) |

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G -Executory Contracts and Unexpired Leases.

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| RESIDENCE # 413 DORAL TERRACE UNIVERSITY PARK, ILL | FEE SIMPLE | | $83,000.00 | $ |
| | | | $ | $ |
| | | | $ | $ |
| | | | $ | $ |
| | | | $ | $ |
| | | **Total** | $ 83,000.00 | |

(Report also on Summary of Schedules.)

WWW.LawCA.com
Law Publishers

Form 6B                                                                          1998 USBC

| In re | (SHORT TITLE) | | CASE Number: | |
|-------|---------------|---|-------------|---|
| | BERNADETTE M. CORREA | Debtor. | | (If Known) |

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "X" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

| | TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|---|
| 1. | Cash on hand. | yes | $10.00 IN DEBTOR'S POSSESSION | | $ 10.00 |
| 2. | Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | none | | | $ |
| 3. | Security deposits with public utilities, telephone companies, landlords, and others. | none | | | $ |
| 4. | Household goods and furnishings, including audio, video, and computer equipment. | yes | MISCELLANEOUS HOUSEHOLD GOODS & FURNISHINGS | | $ 750.00 |
| 5. | Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | none | | | $ |
| 6. | Wearing apparel. | yes | NECESSARY WEARING APPAREL | | $ 550.00 |
| 7. | Furs and jewelry. | none | | | $ |
| 8. | Firearms and sports, photographic, and other hobby equipment. | none | | | $ |
| 9. | Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | none | | | $ |
| 10 | Annuities. Itemize and name each issuer. | none | | | $ |

WWW.LawCA.com
Law Publishers

Form 6B - Continued

1998 USBC

| In re | (SHORT TITLE) | Case Number: |
|---|---|---|
| | BERNADETTE M. CORREA    Debtor. | (If Known) |

# SCHEDULE B - PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 11. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Itemize. | none | | | |
| 12. Stock and interests in incorporated and unincorporated businesses. Itemize. | none | | | |
| 13. Interests in partnerships or joint ventures. Itemize. | none | | | |
| 14. Government and corporate bonds and other negotiable and non-negotiable instruments. | none | | | |
| 15. Accounts receivable. | none | | | |
| 16. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | none | | | |
| 17. Other liquidated debts owing debtor including tax refunds. Give particulars. | none | | | |
| 18. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. (Form 6A.) | none | | | |
| 19. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | none | | | |
| 20. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims.    Give estimated value of each. | none | | | |
| 21. Patents, copyrights, and other intellectual property. Give particulars. | none | | | |
| 22. Licenses, franchises, and other general intangibles. Give particulars. | yes | NURSES LICENSE; DRIVERS LICENSE | | |

WWW.LawCA.com
Law Publishers

Form 6B - Continued                                    1998 USBC

| In re | (SHORT TIT_E) | | Case Number: | |
|---|---|---|---|---|
| | BERNADETTE M. CORREA | Debtor. | | (If Known) |

# SCHEDULE B - PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 23. Automobiles, trucks, trailers, and other vehicles and accessories. | yes | 2002 DODGE STRATES | | $ 7,000.00 |
| 24. Boats, motors, and accessories. | none | | | $ |
| 25. Aircraft and accessories. | none | | | $ |
| 26. Office equipment, furnishings, and supplies. | none | | | $ |
| 27. Machinery, fixtures, equipment and supplies used in business. | none | | | $ |
| 28. Inventory. | none | | | $ |
| 29. Animals. | none | | | $ |
| 30. Crops - growing or harvested. Give particulars. | none | | | $ |
| 31. Farming equipment and implements. | none | | | $ |
| 32. Farm supplies, chemicals, and feed. | none | | | $ |
| 33. Other personal property of any kind not already listed. Itemize. | none | | | $ |

_____ continuation sheets attached

$ 8,310.00

(Include amounts from any
continuation sheets attached.  Report
total also on Summary
of Schedules)



Form 6C                                                                                      1998 USBC

| In re | (SHORT TITLE) | | Case Number: | |
|---|---|---|---|---|
| | BERNADETTE M. CORREA | Debtor. | | (If Known) |

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemption to which debtor is entitled under

(Check one box)

✓ **11 U.S.C. § 522(b)(1)** Exemptions provided in 11 U.S.C. § 522(d). Note: These exemptions are available only in certain states.

**11 U.S.C. § 522(b)(2)** Exemptions available under applicable nonbankruptcy federal laws, state or local law where the debtor's domicile has been located for the 180 days immediately preceding the filing of the petition, or for a longer portion of the 180-day period than in any other place, and the debtor's interest as a tenant by the entirety or joint tenant to the extent the interest is exempt from process under applicable nonbankruptcy law.

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT MARKET VALUE OF PROPERTY, WITHOUT DEDUCTING EXEMPTIONS |
|---|---|---|---|
| RESIDENCE @ 413 DORAL TERRACE UNIVERSITY PARK, ILLINOIS 60466 | 735 ILCS 5-12-901 | $ 7,500.00 | $ 83,000.00 |
| CASH | 735 ILCS 5-12-1001 | $ 10.00 | $ 10.00 |
| MISCELLANEOUS HOUSEHOLD GOODS & FURNISHINGS | 735 ILCS 5-12-1001 | $ 750.00 | $ 750.00 |
| NECESSARY WEARING APPAREL | 735 ILCS 5-12-1001 | $ 550.00 | $ 550.00 |
| 2002 DODGE STRATUS AUTO | 735 ILCS 5-12-1001 | $ 1,200.00 | $ 7,000.00 |



WWW.LawCA.com
Law Publishers

Form 6D                                                                                1998 USBC

| In re | (SHORT TITLE) | | Case Number: | |
|---|---|---|---|---|
| | BRANNDETTE M. CORREA | Debtor. | | (If Known) |

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and account number, if any, of all entities holding claims secured by property of the debtor as of the date of filing of the petition. List creditors holding all types of secured interest such as judgment liens, garnishments, statutory liens, mortgages, deed of trust, and other security interests. List creditors in alphabetical order to the extent practicable. If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

☐  Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 101192 | | | 10/1993 MORTGAGE ON RESIDENCE | | | | $258,133.15 | |
| WELLS FARGO HOME MORTG PO BOX 1547 DES MOINES, IOWA 50306-1547 | | | Value $ 185,000 | | | | | |
| ACCOUNT NO. | | | 8/2002 FINANCING ON AUTO CREDIT SERVICES AUTO | | | | $10,075.00 | |
| AMCRT CREDIT PO BOX 7996 PHOENIX, ARIZONA 85062-7935 | | | Value $ 7,000.00 | | | | | |
| ACCOUNT NO. | | | | | | | | |
| | | | Value $ | | | | | |
| ACCOUNT NO. | | | | | | | N/A | |
| | | | Value $ | | | | | |

| | | | | |
|---|---|---|---|---|
| | Subtotal | ➤ | $ 268,133.15 | |
| | (Total of this page) | | | |
| | Total | ➤ | $ 268,133.15 | |
| | (Use only last page) | | | |

_____ Continuation sheets attached

(Report total also on Summary of Schedules)

WWW.LawCA.com
Law Publishers

Form 6E                                                                                                           1998 USBC

| In re | (SHORT TITLE) | | Case Number: | |
|---|---|---|---|---|
| | BERNADETTE M TORREA | Debtor. | | (If Known) |

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name and mailing address, including zip code, and account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether husband, wife, both of them or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated place an "X" in the column labeled "Unliquidated." If the claim is disputed, place and "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled, "Subtotal" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Repeat this total also on the Summary of Schedules.

✓  Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

Extensions of credit in an involuntary case: Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(2).

Wages, salaries, and commissions: Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $4,650* per person, earned within 90 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(3).

Contributions to employee benefit plans: Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

Certain farmers and fishermen: Claims of certain farmers and fishermen, up to $4,650* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(5).

Deposits by individuals: Claims of individuals up to $2,100* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(6).

Alimony, Maintenance, or Support*: Claims of a spouse, former spouse, or child of the debtor for alimony, maintenance, or support, to the extent provided in  11 U.S.C. § 507(a)(7).

Taxes and certain other debts owed to governmental units: Taxes, customs duties, and penalties owing to federal, state, and local government units as set forth in 11 U.S.C. § 507(a)(8).

Commitments to maintain the capital of an insured depository institution: Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

* Amounts are subject to adjustment on April 1, 2004, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

WWW.LawCA.com
Law Publishers

_____ continuation sheets attached

Form 6F                                                                                                    1998 USBC

| In re | (SHORT TITLE) | | Case Number: | |
|---|---|---|---|---|
| | BERNADETTE M. CORREA | Debtor. | | (If Known) |

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and account number, if any, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife Joint or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

☐ Check this box if debtor has no creditors holding unsecured non-priority claims to report on this Schedule F.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, AND CONSIDERATION FOR CLAIM, IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  03250072<br><br>THE CADLE COMPANY<br>100 N. CENTER STREET<br>NEWTON FALLS, OHIO<br>44444 | | | LOAN | | | | $~~2,400.00~~<br>7,370.71 |
| ACCOUNT NO.  C0022267330SIA<br><br>CONSULTANTS IN PATHOLOGY<br>P.O. BOX 9231<br>MICHIGAN CITY, INDIANA<br>46361-9231 | | | HOSPITAL BILL | | | | $1,780.94 |
| ACCOUNT NO.  18-18365212<br><br>ST. JAMES RADIOLOGIST<br>C/O CREDITOR COLLECTION BUREAU<br>P.O. BOX 63<br>KANKAKEE, ILLINOIS 60901-0063 | | | HOSPITAL BILL | | | | $35.00 |
| ACCOUNT NO.  18-18365211<br><br>ST. JAMES RAIDOLOGIST<br>C/O CREDITOR COLLECTION BUREAU<br>P.O. BOX 63<br>KANKAKEE, ILLINOIS 60901-0063 | | | HOSPITAL BILL | | | | $180.00 |

| | | | | | Subtotal ➤ | $9,634.65 |
|---|---|---|---|---|---|---|
| | | | | | Total ➤ | $ |

X̶ continuation sheets attached

(Report total also on Summary of Schedules)

WWW.LawCA.com
Law Publishers

Form 6F - Continued

| In re | (SHORT TITLE) | Case Number: |
|---|---|---|
| BERNADETTE M. CORREA | Debtor. | (If Known) |

1998 USBC

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
## (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, AND CONSIDERATION FOR CLAIM, IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 18-14509523 <br> ST. JAMES RADIOLOGIST <br> C/O CREDITOR COLLECTION BUREAU <br> P.O. BOX 63 <br> KANKAKEE, ILLINOIS 60901-0063 | | | HOSPITAL BILL | | | | $ 117.00 |
| ACCOUNT NO. 18-73009383 <br> ST. JAMES RADIOLOGIST <br> C/O CREDITOR COLLECTION BUREAU <br> P.O. BOX 63 <br> KANKAKEE, ILLINOIS 60901-0063 | | | HOSPITAL BILL | | | | $ 105.00 |
| ACCOUNT NO. 0692724249G <br> ST. JAMES HOSPITAL <br> C/O MUTUAL HOSPITAL SERVICES <br> P.O. BOX 19828 <br> INDIANAPOLIS, INDIANA 46219-0828 | | | HOSPITAL BILL | | | | $ 412.22 |
| ACCOUNT NO. 94AE1357 <br> MIDLAND CREDIT MANAGEMENT INC <br> C/O BLATT, HASSENMILER, LIEBSKER <br> 125 S. WACKER DR. #400 <br> CHICAGO, ILLINOIS 60606 | | | JUDGMENT ENTERED ON A LAWSUIT TO COLLECT MONIES FOR AN AUTO LOAN | | | | $ 9,465.13 |
| ACCOUNT NO. | | | | | | | $ |

Sheet no. _1_ of _2_ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ➤ | $ 10,099.35

(Total of this page) Total ➤ | $

(Use only on last page of the completed Schedule F)

(Report total also on Summary of Schedules)

WWW.LawCA.com Law Publishers

Form 6F - Continued

1998 USBC

| In re | (SHORT TITLE) | Case Number: |
|---|---|---|
| | Debtor. | (If Known) |

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
## (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, AND CONSIDERATION FOR CLAIM, IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| **ACCOUNT NO.** | | | CREDIT CARD | | | | |
| **ACCOUNT NO.** | | | HOSPITAL BILL | | | | |
| **ACCOUNT NO.** | | | MEDICAL BILL | | | | |
| **ACCOUNT NO.** | | | | | | | |
| **ACCOUNT NO.** | | | | | | | |

Sheet no. _2_ of _2_ sheets attached to
Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal ➤  $ 

(Total of this page)
Total ➤  $ 21,066.95

(Use only on last page of the completed Schedule F)

(Report total also on Summary of Schedules)



WWW.LawCA.com
Law Publishers

Form 6G                                                                                        1998 USBC

| In re | (SHORT TITLE) | Case Number: |
|---|---|---|
| | BERNADETTE M. CORREA          Debtor. | (If Known) |

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests.

State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc.  State whether debtor is the lessor or lessee of a lease.

Provide the names and complete mailing addresses of all other parties to each lease or contract described.

NOTE: A party listed on this schedule will not receive notice of the filing of this case unless the party is also scheduled in the appropriate schedule of creditors.

✓   Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST, STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT |
|---|---|
| | |



Form 6H                                                                                                            1998 USBC

| In re | (SHORT TITLE) | Case Number: |
|---|---|---|
| | BERNADETTE M. CORREA | (If Known) |
| | Debtor. | |

# SCHEDULE H - CODEBTORS

Provide the information required concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. In community property states, a married debtor not filing a joint case should report the name and address of the non-debtor spouse on this schedule. Include all names used by the nondebtor spouse during the six years immediately preceding the commencement of this case.

✓ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| | |



Form 6I
1998 USBC

| In re | (SHORT TITLE) | Case Number: | |
|---|---|---|---|
| | ~~DEPENDENT'S OF COPPER~~ | **Debtor.** | (If Known) |

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by a married debtor in a chapter 12 or 13 case whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.

| Debtor's Marital Status: Separated | DEPENDENT'S OF DEBTOR AND SPOUSE | | |
|---|---|---|---|
| | NAMES | AGE | RELATIONSHIP |
| | | | |

| | EMPLOYMENT: | |
|---|---|---|
| | DEBTOR | SPOUSE |
| Occupation | REgistered Nurse | |
| Name of Employer | ~~HOME DEVELOPMENT OF LARGE CENTER~~ | |
| How Long Employed | ~~UNKNOWN~~ | |
| Address of Employer | ~~SOUTH CHICAGO~~ ~~CHICAGO ILLINOIS~~ ■ | |

Income: (Estimate of average monthly income)

| | DEBTOR | SPOUSE |
|---|---|---|
| Current monthly gross wages, salary, and commissions (pro rate if not paid monthly.) | $ | $ |
| Estimated monthly overtime | $ | $ |
| **SUBTOTAL** | $ | $ |
| **Less Payroll Deductions** | | |
| a.   Payroll taxes and social security | $ | $ |
| b.   Insurance | $ | $ |
| c.   Union dues | $ | $ |
| d.   Other (specify) _____ | $ | $ |
| SUBTOTAL OF PAYROLL DEDUCTIONS | $ | $ |
| TOTAL NET MONTHLY TAKE HOME PAY | $ | $ |
| Regular income from operation of business or profession or farm (attach detailed statement) | $ | $ |
| Income from real property | $ | $ |
| Interest from real property | $ 0.00 | $ |
| Interest and dividends | $ 0.00 | $ |
| Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | $ 0.00 | $ |
| Social security or other government assistance (Specify) _____ | $ 0.00 | $ |
| Pension or retirement income | $ 0.00 | $ |
| Other monthly income | $ 0.00 | $ |
| (Specify) _____ | $ 0.00 | $ |
| TOTAL MONTHLY INCOME | $ 2,825.44 | $ |

TOTAL COMBINED MONTHLY INCOME $_____

(Report also on Summary of Schedules)

Describe any increase or decrease of more than 10% in any of the above categories anticipated to occur within the year following the filing of this document.

WWW.LawCA.com
Law Publishers

Form 6J                                                                                                    1998 USBC

| In re | (SHORT TITLE) | | Case Number: | |
|---|---|---|---|---|
| BERNADETTE M. CORREA | | Debtor. | | (If Known) |

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average monthly expenses of the debtor and the debtor's family.  Pro rate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.

___ Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate schedule of expenditures labeled "Spouse."

| | |
|---|---|
| Rent or home mortgage payment (include lot rented for mobile home) | $ 800.00 |

Are real estate taxes included?   Yes __✓__   No___ __
Is property insurance included    Yes __✓__   No_____

| | |
|---|---|
| Utilities Electricity and heating fuel | $ 385.00 |
|    Water and sewer | $ 70.00 |
|    Telephone | $ 130.00 |
|    Other_____ | $ 0.00 |
| Home Maintenance (Repairs and Upkeep) | $ 80.00 |
| Food | $ 200.00-FOOD |
| Clothing | $ 60.00 |
| Laundry and dry cleaning | $ 60.00 |
| Medical and dental expenses | $ 100.00 TRANS |
| Transportation (not including car payments) | $ 100.00 TRANS |
| Recreation, clubs and entertainment, newspapers, magazines, etc. | $ 30.00 |
| Charitable contributions | $ 5.00 |
| Insurance (not deducted from wages or included in home mortgage payments) | $ 0.00 |
|    Homeowner's or renter's | $ 500.00 LIFE INS |
|    Life | $ 0.00 |
|    Health | $ 125.00 AUTO INS |
|    Auto | $ 0.00 |
|    Other_____ | $ 0.00 |
| Taxes (not deducted from wages or included in home mortgage payments) | $ 0.00 |
| (Specify)_____ | $ 0.00 |
| Installment payments (In chapter 12 and 13 cases, do not list payments to be included in the | $ 350.00 AUTO |
|    Auto | $ 0.00 |
|    Other_____ | $ 0.00 |
|    Other_____ | $ 0.00 |
| Alimony, maintenance, and support paid to others | $ 0.00 |
| Payments for support of additional dependents not living at your home | $ 0.00 |
| Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ 0.00 |
| Other_____ | $ 10.00 |

| | |
|---|---|
| TOTAL MONTHLY EXPENSES (Report also on Summary of Schedules) | $ 2,745.00 |

**[FOR CHAPTER 12 AND 13 DEBTORS ONLY]**
Provide the information requested below, including whether plan payments are to be made bi-weekly, monthly, annually, or at some other regular interval.

| | | |
|---|---|---|
| A. | Total projected monthly income | $ 2,825.44 |
| B. | Total projected monthly expenses | $ 2,745.00 |
| C. | Excess income (A minus B) | $ 80.44 |
| D. | Total amount to be paid into plan each ____MONTH____ | $ 80.00 |
| | (interval) | |

WWW.LawCA.com
Law Publishers

Form 6J - Continued                                                                     1998 USBC

| In re | (SHORT TITLE) | Case Number: |
|---|---|---|
| BERNADETTE M. CORREA | Debtor. | (If Known) |

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____15_____ sheets, and that they are correct to the best of my knowledge, information, and belief.
(Total shown on summary page plus 1)

Date___10-15-04___         Signature___Bernadette Correa___
                                                        Debtor

Date_____         Signature_____
                                                        (Joint Debtor, if any)

                                        [If joint case, both spouses must sign

---

### CERTIFICATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER
#### (See 11 U.S.C. § 110)

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

_____         _____
Printed or Typed Name of Bankruptcy Petition Preparer              Social Security Number

_____
Address

Name and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.

X_____         _____
Signature of Bankruptcy Petition Preparer                         Date

            *A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

---

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the _____ [the president or other officer or an authorized agent of the corporation or member or an authorized agent

of the partnership] of the _____ [corporation or partnership] named as debtor in this case, declare under penalty of perjury that

I have read the foregoing summary and schedules, consisting of _____ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date _____         Signature_____

                                                _____
                                                [Print or type name of individual signing on behalf of debtor]

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

---

            *Penalty for making a false statement or concealing property. Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.*

WWW.LawCA.com
Law Publishers

| Form 7 Page | One | | |
|---|---|---|---|
| In re | (SHORT TITLE) | | Case Number: |
| | | Debtor. | (If Known) |

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.

Questions 1-15 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 16-21. If the answer to any question is "None," or the question is not applicable, mark the box labeled "None." If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

## Definitions

"In business." A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within the two years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or person in control of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed.

"Insider." The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any person in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101 (30).

1. **Income from employment or operation of business**

None    State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE (If more than one) |
|---|---|
| $ 6,795.00 YR. 2004 | CARE PLUS MANAGEMENT 32 |
| $3,605.00 YR. 2004 | HOWE DEVELOPMENTAL DISABLED 31 |
| 57,636.00 YR. 2003 | |
| 57,955.00 YR. 2002 | |



WWW.LawCA.com
Law Publishers

Form 7 Page Two

1998 USBC

2. **Income other than from employment or operation of business**

None
✓

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the souses are separated and a joint petition is not filed.)

AMOUNT                                                      SOURCE (If more than one)

3. **Payments to creditors**

None    a.    List all payments on loans, installment purchases of goods or services, and other debts, aggregating more
✓          than $600 to any creditor, made within 90 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None    b.    List all payments made within one year immediately preceding the commencement of this case to or for the
✓          benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

4. **Suits and administrative proceedings, executions, garnishments and attachments**

WWW.LawCA.com
Law Publishers

Form 7 Page Three                                                                    1998 USBC

None **a.** List all suits and administrative proceedings to which the debtor is or was a party within one year
immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13
must include information concerning either or both spouses whether or not a joint petition is filed, unless the
spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| MIDLAND CREDIT MANAGEMENT VS BERNADETTE M. CORREA | COMPLAINT FOR MONIES OWED ON CAR THAT WAS REPOSSESSED | | JUDGMENT ENTERED IN SEPT, 2004 $9,465.13 |

None **b.** Describe all property that has been attached, garnished or seized under any legal or equitable process within
✓   one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or
chapter 13 must include information concerning property of either or both spouses whether or not a joint petition
is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| | | |

5. **Repossessions, foreclosures and returns**

None    List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed
✓   in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case.
(Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both
spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| 04 AR 1357 MIDLAND CREDIT MANAGEMENT C/O BLATT, HASENMILLER, LIEBSKER 125 S. WACKER DR. #400 CHICAGO, ILLINOIS 60606 | CAR REPOSSESSED ON 1/3/'03 | 1996 FORD THUNDERBIRD $9,465.13 DEFICIENCY JUDG NOTE: CAR WAS SOLD FOR ONLY! 1,900!! |

WWW.LawCA.com
Law Publishers

Form 7 Page Four                                                                1998 USBC

6. **Assignments and receiverships**

None    a.  Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding
✓           the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any
            assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated    and
            a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None    b.  List all property which has been in the hands of a custodian, receiver, or court-appointed official within one
✓           year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or
            chapter 13 must include information concerning property of either or both spouses whether or not a joint        petition
            is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

7. **Gifts**

None    List all gifts or charitable contributions made within one year immediately preceding the commencement of this
✓       case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family
        member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter
        12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed,
        unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

WWW.LawCA.com
Law Publishers

Form 7 Page Five                                                                    1998 USBC

8.  Losses

None     List all losses from fire, theft, other casualty or gambling within one year immediately preceding the
  ✓      commencement of this case or since the commencement of this case. (Married debtors filing under chapter 12 or
         chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses
         are separated and a joint petition is not filed.)

|  DESCRIPTION AND VALUE OF PROPERTY  |  DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS  |  DATE OF LOSS  |
| --- | --- | --- |
| | | |

9.  Payments related to debt counseling or bankruptcy

None     List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys,
  ✓      for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in
         bankruptcy within one year immediately preceding the commencement of this case.

|  NAME AND ADDRESS OF PAYEE  |  DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR  |  AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY  |
| --- | --- | --- |
| | | |

10.  Other transfers

None  a. List all other property, other than property transferred in the ordinary course of the business or financial
  ✓      affairs of the debtor, transferred either absolutely or as security within one year immediately preceding the
         commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either
         or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not
         filed.)

|  NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTORT  |  DATE  |  DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED  |
| --- | --- | --- |
| | | |

WWW.LawCA.com
Law Publishers

Form 7 Page Six

**11. Closed financial accounts**

None ✓  List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE AND NUMBER OF ACCOUNT AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|
| | | |

**12. Safe deposit boxes**

None ✓  List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|
| | | | |

**13. Setoffs**

None ✓  List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|
| | | |

**14. Property held for another person**

WWW.LawCA.com
Law Publishers

Form 7 Page Seven

**None**  List all property owned by another person that the debtor holds or controls.

✓

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|
| | | |

---

**15. Prior address of debtor**

**None**  If the debtor has moved within the two years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|
| | | |

---



WWW.LawCA.com
Law Publishers

Form 7 Page Twelve

1998 USBC

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date _10-15-04_          Signature of _Bernadette Cram_
                                      Debtor

Date _____          Signature of _____
                                      Joint Debtor (if any)

---

### CERTIFICATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER
#### (See 11 U.S.C. § 110)

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

_____          _____
Printed or Typed Name of Bankruptcy Petition Preparer          Social Security Number

_____
Address

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.

X _____          _____
Signature of Bankruptcy Petition Preparer          Date

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.

---

*[If completed on behalf of a partnership or corporation]*

I, declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date _____          Signature _____

                                                *Print Name and Title*

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

_____ continuation sheets added

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. § 152 and 3571.*

WWW.LawCA.com
Law Publishers

B 201 (11/03)

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## NOTICE TO INDIVIDUAL CONSUMER DEBTOR

The purpose of this notice is to acquaint you with the four chapters of the federal Bankruptcy Code under which you may file a bankruptcy petition. The bankruptcy law is complicated and not easily described. Therefore, you should seek the advice of an attorney to learn of your rights and responsibilities under the law should you decide to file a petition with the court. Court employees are prohibited from giving you legal advice.

## Chapter 7: Liquidation ($155 filing fee plus $39 administrative fee plus $15 trustee surcharge)

1. Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts.

2. Under chapter 7 a trustee takes possession of all your property. You may claim certain of your property as exempt under governing law. The trustee then liquidates the property and uses the proceeds to pay your creditors according to priorities of the Bankruptcy Code.

3. The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, your discharge may be denied by the court, and the purpose for which you filed the bankruptcy petition will be defeated.

4. Even if you receive a discharge, there are some debts that are not discharged under the law. Therefore, you may still be responsible for such debts as certain taxes and student loans, alimony and support payments, criminal restitution, and debts for death or personal injury caused by driving while intoxicated from alcohol or drugs.

5. Under certain circumstances you may keep property that you have purchased subject to valid security interest. Your attorney can explain the options that are available to you.

## Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($155 filing fee plus $39 administrative fee)

1. Chapter 13 is designed for individuals with regular income who are temporarily unable to pay their debts but would like to pay them in installments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

2. Under chapter 13 you must file a plan with the court to repay your creditors all or part of the money that you owe them, using your future earnings. Usually, the period allowed by the court to repay your debts is three years, but no more than five years. Your plan must be approved by the court before it can take effect.

3. Under chapter 13, unlike chapter 7, you may keep all your property, both exempt and non-exempt, as long as you continue to make payments under the plan.

4. After completion of payments under your plan, your debts are discharged except alimony and support payments, student loans, certain debts including criminal fines and restitution and debts for death or personal injury caused by driving while intoxicated from alcohol or drugs, and long term secured obligations.

## Chapter 11: Reorganization ($800 filing fee plus $39 administrative fee)

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a Chapter 11 petition should be reviewed with an attorney.

## Chapter 12: Family Farmer ($200 filing fee plus $39 administrative fee)

Chapter 12 is designed to permit family farmers to repay their debts over a period of time from future earnings and is in many ways similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm.

I, the debtor, affirm that I have read this notice.

_Bernadette Correa_ _____   _10-15-04_ _____   _____
Debtor's Signature                         Date                                Case Number

Software Copyright (c) 1996-2003 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                    Best Case Bankruptcy